UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
MATTEO RUGGIERO,

                    Petitioner,

      -against-

UNITED STATES of AMERICA,

                    Respondent.
-------------------------------------------------------X

**MEMORANDUM & ORDER**

05 CV 1221 (RJD)

DEARIE, Chief Judge.

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate his conviction. For the reasons set forth below and in respondent's Memorandum in Opposition dated July 15, 2005, and supplemental letters dated July 9, 2007, and August 28, 2008, the motion is denied and the petition is dismissed.

On April 16, 1997, following a jury trial, petitioner Matteo Ruggiero was convicted of conspiracy to import and distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 963 and 846; distribution and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841; and importation of cocaine, in violation of 21 U.S.C. § 952. He was sentenced to a term of 235 months in prison and five years of supervised release.

In his initial papers, petitioner contended that he was entitled to re-sentencing under United States v. Booker, 543 U.S. 220 (2005). By supplemental memorandum dated December 28, 2006, he also claimed that counsel was ineffective for failing to seek "safety valve" protections under 18 U.S.C. § 3553(f) at sentencing after the Court concluded that petitioner was not an "organizer, leader, manager or supervisor" under United States Sentencing Guidelines § 3B1.1. Following the discussion at the status conference before this Court on June 21, 2007,

the Court denied petitioner's Booker claim on the ground that Booker is not retroactively applicable to cases on collateral review. Guzman v. United States, 404 F.3d 139 (2d Cir. 2005). By letter dated July 24, 2007, petitioner's counsel conceded that the ineffective assistance of counsel claim did not "relate back" to petitioner's initial claims and was time-barred.

Petitioner's only claim that remains is that he is entitled to a new trial because the government withheld material in violation of Brady v. Maryland, 373 U.S. 83 (1963)—specifically surveillance reports related to Waterfront Commission of New York Harbor ("WFC") investigations. At trial, petitioner's counsel subpoenaed the WFC for surveillance reports for August 30, 1993; September 30, 1993; October 12, 1993; January 5, 1994; and August 23-24, 1994; and the WFC sought to quash the subpoenas. The government, through A.U.S.A. Pamela Davis, reviewed the WFC reports and represented that reports for those dates did not exist.

After trial, in March 2003, petitioner obtained a copy of a report dated September 30, 1993, directly from the WFC in response to a Freedom of Information Act request. The September 30, 1993 report memorializes the details of surveillance on September 27 and September 28, 1993, and confirms that petitioner was observed meeting at a Court Street social club with various members of organized crime. Despite its inculpatory import, petitioner grounded his present Brady claim on the mere fact that this report existed and sought further discovery to demonstrate that the government failed to turn over exculpatory material from the WFC. The government opposed, arguing that even if it failed to turn over certain documents from the WFC, petitioner has failed to demonstrate that the documents are "material" under Brady— that is, that there is "a reasonable probability that, had the evidence been disclosed to

2

the defense, the result of the proceeding would have been different." Kyles v. Whitley, 514 U.S. 419, 433-34 (1995) (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)).

The evidence against petitioner was indeed overwhelming. Five witnesses testified to petitioner's involvement—Basciano, Paladino, Cozzo, Sulfaro and Carnemolla. See also United States v. Basciano, 141 F.3d 1152, 1152 (2d Cir. 1998) ("[T]he evidence against Ruggiero was overwhelming. Several conspirators involved in the drug importation scheme testified on behalf of the government about Ruggiero's role in the conspiracy, including at least three highly placed participants who were involved in setting up the operation.").

As directed by the Court at the June 21, 2007 conference, the government requested that the WFC search their files for the reports that petitioner claimed existed and had not been made available to him. The government provided petitioner with all of the reports for all of the requested dates except four dates for which no reports exist and which do not correspond to any of the shipment dates at issue in petitioner's case—February 22, 1992; November 11, 1992; May 25, 1993; and January 12, 1994. Nothing in the more than sixty reports suggests that the government failed to disclose Brady material at trial. It is time for this fishing expedition to come to an end.

Petitioner's motion is denied, and the petition is dismissed. A certificate of appealability

shall not issue. See 28 U.S.C. § 2253. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
      September 16, 2008

                                          s/ Judge Raymond J. Dearie

                                          RAYMOND J. DEARIE
                                          United States District Judge